John M. **ROBINSON**

v.

John **RIDLON** d.b.a. Ridlon, Inc.

No. 93–717–Appeal.

Supreme Court of Rhode Island.

Feb. 2, 1995.

Valentino Lombardi, Providence, for plaintiff.

Gerard DeCelles, Levitt & DeCelles, Providence, for defendant.

## OPINION

PER CURIAM.

■ This matter came before a hearing panel of this court for oral argument on January 17, 1995, pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided. John Ridlon (defendant) appeals from a District Court order denying his motion to vacate. After hearing the arguments of counsel and examining the memoranda submitted by the parties, we are of the opinion that cause has not been shown and that the issues raised by this appeal should be summarily decided.

■ On November 2, 1993 John M. Robinson (plaintiff) filed an application for an order to compel the appearance of defendant before plaintiff in his capacity as director of the Department of Employment and Training and to produce payroll and other business records. The plaintiff's application was granted after a hearing in the District Court. In response defendant filed a motion to vacate and a motion for sanctions and attorneys' fees. Both motions were denied by a District Court trial judge. The defendant has filed this appeal.

In this appeal defendant contends that he was not required to obey the subpoena since plaintiff failed to send him a witness subpoena fee pursuant to G.L.1956 (1986 Reenactment) § 28–42–56 which provides that "[w]it-nesses subpoenaed pursuant to § 28–42–54 shall be allowed fees at a rate fixed by the director. Those fees shall be deemed a part of the expense of administering chapters 42–44, inclusive, of this title." The plaintiff asserts that the director has set the fee at $0. The defendant asserts that since the director failed to set a fee he is entitled to receive the general fee of $10 per day plus $.10 per mile of travel. The trial judge found that the Department of Employment and Training is not required to pay witness fees.

General Laws 1956 (1985 Reenactment) § 9–17–5 provides that:

"Every witness who shall be duly served with a subpoena in behalf of any party to a suit or proceeding, civil or criminal, and shall have his lawful fees tendered to him for his travel from his place of abode to the place at which he shall be summoned to attend, and for one (1) day's attendance, shall be obliged to attend accordingly."

Pursuant to this section a witness has an obligation to appear pursuant to the subpoena and is entitled to be paid a fee. It is the conclusion of this court that a witness' obligation to appear remains separate from the requirement that a witness be paid. Consequently, nonpayment of a witness fee would not justify a refusal to appear as ordered. Nevertheless we find that the trial judge erred in determining that plaintiff was not required to pay defendant a witness fee.

The defendant also avers that there is no such proceeding as an application for an order to compel the attendance of witnesses and production of records under the Employment Security Act and consequently the District Court had no jurisdiction over him. We disagree.

Section 28–42–55 states in pertinent part:

"In case of contumacy by or refusal to obey a subpoena issued to any person, pursuant to § 28–42–54, the sixth division of the district court, upon application * * * shall have jurisdiction to issue * * * an order requiring that person to appear before the director * * *."

Pursuant to § 28–42–55 it is clear that the District Court did properly exercise jurisdic-

tion over the defendant in this matter and his appeal on this issue is denied.

The defendant's appeal is sustained in part and denied in part, the order appealed from is vacated, and the papers of the case are remanded to the District Court. The director may issue a new subpoena accompanied by a ten dollar witness fee plus mileage.

SHEA, J., did not participate.